IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLORIA WILLIAMS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-517-CWB |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

    This action is before the court on a motion to dismiss filed by Defendant Kilolo Kijakazi, who is the Acting Commissioner of Social Security. (Doc. 12). The core argument for dismissal is that the Complaint was filed beyond expiration of the applicable limitation period. (*Id*.). Because the motion to dismiss is predicated factually upon matters outside the pleadings, the court will construe the request as one for summary judgment. (*Id*. at p. 1: alternatively requesting entry of summary judgment in lieu of dismissal). By Order dated December 9, 2022, the court directed Plaintiff Gloria Williams to show cause as to why the motion should not be granted and thus afforded her a reasonable opportunity to present responsive materials. (Doc. 13). Plaintiff indeed filed a written response. (Doc. 14). Upon consideration of the parties' respective filings, the court concludes that summary judgment is due to be granted.

**I.**    **Procedural Background**

    Plaintiff filed an application for widow's insurance benefits under Title II of the Social Security Act on April 9, 2018. (Doc. 12-1 at p. 8). Plaintiff's claim was denied at the initial level, and Plaintiff requested *de novo* review by an administrative law judge ("ALJ"). (*Id*.).

The ALJ denied Plaintiff's claim on December 27, 2019. (*Id*. at pp. 8-11). Plaintiff then filed a request for review by the Appeals Council, which was granted. (*Id*. at p. 15). On June 10, 2022, however, the Appeals Council likewise denied Plaintiff's claim. (*Id*. at pp. 22-25). By notice mailed the same date, Plaintiff was informed of her right to judicial review. (*Id*. at p. 19).

On August 29, 2022, Plaintiff filed her Complaint for review in this action. (Doc. 1). The Commissioner in turn sought a dismissal on grounds that the Complaint was filed outside the period for doing so. For the reasons addressed below, the court agrees that the Complaint was untimely and that Plaintiff cannot proceed.

## II.     Legal Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party … . [A fact] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied that burden, the nonmovant is required to cite portions of the record showing a genuine dispute of material fact. *Id*. at 324. To establish a genuine dispute of material fact, the nonmovant must produce evidence such that a reasonable trier of fact could return a verdict in his favor. *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.    Discussion**

The limitation period for seeking judicial review of a final decision denying Social Security benefits is set forth in 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within **sixty days** after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. …

(emphasis added); *see also* 20 C.F.R. §§ 404.981 & § 422.210.  The sixty-day period runs from the date "notice of the decision by the Appeals Counsel is received," which is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see also* 20 C.F.R. §§ 404.901 & 404.981.  Notwithstanding that cutoff, the Appeals Council may extend the review deadline "upon a showing of good cause."  *Id*.

The Commissioner has submitted sworn testimony confirming that the notice of decision was mailed to Plaintiff on June 10, 2022.  (Doc. 12-1 at pp. 3, 19).  The notice informed Plaintiff that "[y]ou have 60 days to file a civil action (ask for court review)," that "[t]he 60 days start the day after you receive this letter," and that "[w]e assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  (*Id*. at p. 20). The notice further explained that "you may ask the Appeals Council to extend your time to file." (*Id*.).

Plaintiff does not contend that she received the notice later than the presumed five-day period.  Nor does Plaintiff contend that she obtained an extension of time for seeking review. Accordingly, there is no basis in the record to question that Plaintiff's deadline to commence this action would have expired no later than August 15, 2022 (*i.e.*, the first business day following day sixty-five from the June 10, 2022 notice), making her August 29, 2022 Complaint untimely.

Although Plaintiff has not made an explicit request for equitable tolling, the court notes that circumstances occasionally exist to excuse a filing made beyond the required deadline. *See Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) ("We … hold that traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances."); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986) ("In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government. Tolling, in the rare case such as this, does not undermine the purpose of the 60-day limitations period[.]") (footnote omitted). Here, Plaintiff states in her response that she suffers from "immune diseases" and that "[s]ometimes I have fogged memory," and she asks the court to "forgive my carelessness." (Doc. 14 at p. 1). Plaintiff further states that "I got off track, thinking that when I heard from their office to respond by a certain day, I thought I had done what was necessary." (*Id*. at p. 1). The court finds such a response insufficient to constitute "extraordinary circumstances" that would excuse Plaintiff's non-compliance with the plain language contained in the notice from the Appeals Council. *See Jackson*, 506 F.3d at 1355 (listing examples of extraordinary circumstances as "fraud, misinformation, or deliberate concealment").

Judicial review pursuant to the Social Security Act constitutes a Congressional waiver of sovereign immunity and sets forth Plaintiff's exclusive remedy. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Because the Complaint was filed beyond the mandatory deadline, and because no showing of exceptional circumstances has been made to excuse the untimely filing, the court concludes that this action is barred.

## IV.     Conclusion

For the reasons stated above, it is hereby **ORDERED** that the Commissioner's pending motion (Doc. 12) is **GRANTED** and that summary judgment is due to be entered in favor of the Commissioner on all claims.

**DONE** this the 11th day of April 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**